# GANZ WOLKENBREIT & SIEGFELD LLP
### ATTORNEYS AT LAW
ONE COLUMBIA CIRCLE
ALBANY, NEW YORK 12203

(518) 869-9500 • FAX: (518) 869-9556
www.gwlaw.com

JED B. WOLKENBREIT
ROBERT E. GANZ
DAVID E. SIEGFELD
CONOR E. BROWNELL
BETH E. CAREY

LIANNE S. PINCHUK
*COUNSEL*

RICHARD H. FRIEDMAN (1977-2007)

*NEW YORK OFFICE*
230 PARK AVENUE, SUITE 1000
NEW YORK, NEW YORK 10169
(212) 984-1070 • FAX: (212) 984-1071

November 20, 2013

Honorable Glenn T. Suddaby
United States District Court
James Hanley Federal Building, Suite 750
South Clinton Street
Syracuse, NY 13261

Re:   Aveos Fleet Performance, Inc. v. Vision Airlines, Inc.
      Case No.: 8:11-CV-00950-GTS/CFH

Dear Judge Suddaby:

Pursuant to your text Order of November 13, 2013, below is Defendant Vision Airlines, Inc.'s status report of the mediation and subsequent developments.

Mediation was held on October 21, 2013. That resulted in a Settlement Agreement being executed (although imperfectly and, perhaps, in an unenforceable manner) by and between AVEOS' outside general counsel and Vision's V.P. of Operations. The settlement called for $550,000.00 to be paid in certain stages and the various pieces of equipment owned by Vision (and non-party Club Excellence) to be released in connection with the making of partial payments. The first payment was to be made no later than October 31, 2013 and the last payment was to be made by January 30, 2014. An inspection of the condition of the engines and parts was to be made by November 6, 2013.

None of the payments or inspections have been made as scheduled.

My client's President, Bill Acor, has reported to me that his lending bank, International Bank of Commerce (IBC), has asserted that they hold a security lien on all such equipment and parts and that the provisions of the Settlement Agreement where, in the absence of payment to the terms thereof, Aveos was free to dispose of such engines and parts, was an agreement in violation of their rights, that they objected to such provisions of the Settlement Agreement and that they would take appropriate action to prevent such involuntary disposition.



00074677.WPD

Honorable Glenn T. Suddaby
November 20, 2013
Page 2


     Mr. Acor further informs me that his insurance company wishes to make further inspections and control the disposition of the parts. Mr. Acor believes that the insurance proceeds would exceed the settlement amount and could be partially assigned to fund the $550,000.00 settlement. Unfortunately, the insurance company, in order to process the claim, needs further inspections and work at the location of the site in Montreal where the property is being held.

     I had hoped to arrange that to occur prior to this report being filed with the Court, but that has not happened and the insurance company's communication to Vision Airlines appears to indicate that they would need some six to eight weeks, to not only inspect, but also get certain types of estimates for repair costs which will impact on the amount of the approved insurance claim and funding for the settlement. Any disposition of the parts and engines by Aveos pursuant to the terms of the Settlement Agreement will adversely impact Vision's ability to successfully receive payment from its insurance company.

     I full well understand that these delays and issues are inconsistent with the Settlement Agreement reached during mediation.

     Mr. Acor, President of Vision Airlines, still believes that settlement at the agreed upon amount of $550,000 will be able to be effectuated but simply will not commit to rectifying the lack of compliance with the negotiated time periods presently set forth in the Settlement Agreementit presently exists.

     Vision Airlines would request additional time and, perhaps, additional mediation services to bring the parties together again and have a resolution which can in fact be effectuated between not only the parties before the Court but also the bank and the insurance company who have a vital interest in this matter.


                         Very truly yours,

                         GANZ WOLKENBREIT & SIEGFELD LLP

                         Robert E. Ganz
                         reg@gwlaw.com

REG/jbm
cc:    Brian Foont, Esq.
       John Maggio, Esq.


00074677.WPD