UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

AVEOS FLEET PEFORMANCE INC.,

     Plaintiff,

  -against-         No. 11 Civ. 8:11-CV-0950
                 (GTS/DRH)

VISION AIRLINES, INC.,

     Defendant,

---

## PLAINTIFF AVEOS FLEET PERFORMANCE, INC.'S MOTION FOR VOLUNTARY DISMISSAL PURSUANT TO FED R. CIV. P. 41(a)(2)

Dated: December 6, 2013

John Maggio (517479)
CONDON & FORSYTH LLP
7 Times Square
New York, New York 10036
Telephone: (212) 894-6700
Facsimile: (212) 370-4453

- and -

Brian E. Foont (517091)
THE FOONT LAW FIRM, LLC
11909 Reynolds Avenue
Potomac, MD 20854
Telephone: (202) 236-4851
Facsimile: (202) 318-9195

*Attorneys for Plaintiff*
*AVEOS FLEET PERFORMANCE INC.*

## RELIEF SOUGHT

Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, Plaintiff AVEOS FLEET PERFORMANCE INC. ("Aveos") respectfully moves the Court for an order dismissing this action and retaining jurisdiction to enforce a settlement agreement dated October 21, 2013.

## BACKGROUND FACTS[1]

In accordance with a text Order dated July 3, 2013 [DE 48], the parties, Aveos and Defendant VISION AIRLINES, INC. ("Vision"), submitted to mediation on October 21, 2013 before an agreed upon mediator, Daniel J. Hurteau, Esq. of Nixon Peabody in Albany, New York. After approximately six hours of uninterrupted mediation, the parties agreed upon the terms of settlement of this litigation and executed a settlement agreement. *See* Maggio Aff., Exhibit A. In sum, the settlement agreement provided:

   a. Vision to pay Aveos $50,000 by October 31, 2013. *See id.* at ¶ 1.

   b. Vision to conduct an inspection of the parts by November 6, 2013 to determine whether there was any material damage since the last inspection in July 2013. If Vision notified Aveos of a material defect by close business on November 6, the agreement would be void, otherwise the settlement would be fully effective. *See id.* at ¶ 2.

   c. Vision to pay Aveos $150,000 by wire transfer by November 8, 2013, after which Vision was to take possession of a JT9D engine labeled VS4A as well as trailers containing parts by November 11, 2013. *See id.* at ¶ 3. If the payment was not made, Vision forfeits its rights in the engine. *See id.* at ¶ 7(a).

---

[1] Background facts referred to in this motion are drawn from the Attorney Affidavit of John Maggio, Esq., sworn to December 6, 2013, ("Maggio Aff.").

  d. Vision to pay Aveos $100,000 by wire transfer by December 16, 2013, after which Vision is to take possession of the JT9D engines and parts (¶ 4). If the payment is not made, Vision forfeits its rights in the remaining JT9D engines and parts. *See id.* at ¶ 7(b).

  e. Vision to pay Aveos $250,000 by wire transfer by January 30, 2014, after which Vision is to take possession of the CFM-56 engine by close of business on January 31, 2014. *See id.* at ¶ 5. If no payment is made, Vision shall be deemed to have released its rights to the CFM-56 engine. *See id.* at ¶ 6.

By text Order dated November 13, 2013, the Court directed the parties to submit a status report with regard to the mediation and potential settlement of the case by November 20. *See* DE 50. On November 14, 2013, Mr. Hurteau filed a report with the Court stating that the case has been settled. *See* DE 51. Thereafter, counsel for the parties submitted status reports on November 20; Aveos maintaining the case should be dismissed as a settlement agreement was reached [DE 53] and Vision stating that the settlement agreement was "imperfectly" executed.[2] *See* DE 52.

### Grounds for Relief

1.  A motion for voluntary dismissal should generally be granted absent some showing of prejudice to the defendant. *See Catanzano v. Wing*, 277 F.3d 99, 109 (2d Cir. 2001). The court has discretion to grant the motion on terms it deems proper. *See id.*; Fed. R. Civ. P. 42(a)(2).

2.  All claims in this case have been settled. On July 3, 2013, the Court referred the parties to mediation pursuant to N.Y.N.D. Local Rule 83.11. *See* DE 48. In compliance with the

---

[2] Vision's counsel has advised Aveos' counsel that the settlement agreement was "imperfectly" executed because the parties signed on the wrong signature blocks. *See* Maggio Aff. at ¶ 11. Such an error is immaterial to the substance of the settlement agreement to which there was a meeting of the minds to be bound by the agreement and this error should not affect the agreement's enforceability.

3

Local Rules, the parties selected a mediator, *see* DE 49, and attended mediation on October 21, 2013. After negotiations lasting approximately six uninterrupted hours, the parties reached an agreement resolving all outstanding claims, which was signed and executed by Brian E. Foont, as authorized representative for Aveos, and Mike Smith, a Vice President of Vision. *See* Settlement Agreement, Exhibit A. Both of the signatories to the agreement had, or represented to have, unfettered authority to settle the case.

3. The settlement agreement is valid and binding. The validity of a settlement agreement in a diversity action is determined under the forum's applicable contract law; in this case, New York contract law. *See Benicorp Ins. Co. v. Nat'l Med. Health Card Sys., Inc.*, 447 F. Supp. 2d 329, 335 (S.D.N.Y. 2006) (applying New York law). Showing that a settlement agreement is valid under New York law requires evidence that all parties to the agreement had capacity to settle and made some sufficiently definite manifestation of assent. *See id.* at 337; *see also Min v. Target Stores*, 553 F. Supp. 2d 218, 221 (E.D.N.Y. 2008). These elements are met here, because:

    a. A written agreement containing all material terms, including a merger clause, exists and was duly signed and executed by representatives of both parties. *See* Maggio Aff., Exhibit A, at p. 3; *see, e.g., Brodeur v. City of New York*, 04-CV-1859 (JG), 2005 WL 1139908, at *3 (E.D.N.Y. May 13, 2005), attached hereto as Exhibit 1 (when agreement to settle is in writing and unambiguous, undisclosed subjective intent of accepting party is irrelevant); *see also* N.Y. C.P.L.R. § 2104 (requiring a writing for "an agreement between the parties or their attorneys relating to an action").

    b. All parties present at the October 21 mediation had unfettered authority to settle. Even if Vision's top management had in some undisclosed way restricted

Mike Smith's settlement authority, his presence and conduct at the mediation created apparent authority to settle, which is sufficient to bind Vision. *See Quinones v. Police Dep't of City of N.Y.*, 10 CIV. 6195 JGK JLC, 2012 WL 2148171, at *6 (S.D.N.Y. Apr. 12, 2012) *report and recommendation adopted,* 10 CIV. 6195 JGK JLC, 2012 WL 2149572 (S.D.N.Y. June 13, 2012), attached hereto as Exhibit 2; *see also Forcelli v. Gelco Corp.*, 109 A.D.3d 244, 972 N.Y.S.2d 570, 573 (2013) ("A party will be bound by the acts of its agent in settlement negotiations and an agreement will be binding where the agent has either actual or apparent authority." (citation omitted)). Indeed, the Local Rules require a corporate party to send to mediation a representative who is authorized to settle the case; there was no reason at this mediation to suspect that Vision had not complied with that rule. *See* N.D.N.Y. Local Rule 83.11-5(b).

3. The fact that the settlement may have turned out to be onerous or unfavorable to Vision does not render it unenforceable. *See Powell v. Omnicom*, 497 F.3d 124, 128 (2d Cir. 2007) ("When a party makes a deliberate, strategic choice to settle, a court cannot relieve him of that a choice simply because his assessment of the consequences was incorrect."); *see also Quinones,* 2012 WL 2148171 ("It is well-settled that a settlement agreement is presumptively binding and conclusive.").

4. Because the mediation ordered by the Court was successful in this case and led to a mutually-agreed-upon and binding settlement agreement, as confirmed by the mediator's report and supported by the evidence submitted herewith, it is proper to dismiss the case and retain jurisdiction solely for purposes of enforcing the terms of the settlement agreement. *See Benicorp*, 447 F. Supp.

2d at 335 ("A district court has the power to enforce summarily, on motion, a settlement agreement reached in a case that was pending before it." (internal quotations omitted)).

## Conclusion

Accordingly, Plaintiff AVEOS FLEET PERFORMANCE INC. respectfully requests that the Court enter an order dismissing this case under the provisions Federal Rule of Civil Procedure 41(a)(2) and retaining jurisdiction to enforce settlement.

Dated: December 6, 2103

        Respectfully submitted,

        CONDON & FORSYTH LLP

        By _____
        John Maggio (517479)
        7 Times Square, 18th Floor
        New York, New York 10036
        (212) 490-9100

        - and –

        THE FOONT LAW FIRM, LLC
        Brian E. Foont (517091)
        11909 Reynolds Avenue
        Potomac, Maryland 20854
        Telephone: (202) 236-4851
        Facsimile: (202) 318-9195

        *Attorneys for Plaintiff*
        AVEOS FLEET PERFORMANCE INC.

TO: Robert E. Ganz, Esq.
    GANZ WOLKENBREIT & SIEGFELD LLP
    1 Columbia Cir.
    Albany, New York 12203
    (518) 869-9500
    *Attorneys for Defendant*
    *VISION AIRLINES, INC.*

## CERTIFICATE OF SERVICE

**I hereby certify** pursuant to Local Rule 7.1(a), that a true and correct copy of the foregoing was served on December 6, 2012, on all counsel or parties of record on the Service List and by the means as listed below.

_____
John Maggio, Esq.

## SERVICE LIST

Robert E. Ganz, Esq.
GANZ WOLKENBREIT & SIEGFELD LLP
1 Columbia Cir.
Albany, New York 12203
(518) 869-9500
*Attorneys for Defendant*
*VISION AIRLINES, INC.*