**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

AVEOS FLEET PEFORMANCE INC.,

               Plaintiff,

       -against-                                8:11-CV-0950
                                               (GTS/DRH)

VISION AIRLINES, INC.,

               Defendant,

---

**PLAINTIFF AVEOS FLEET PERFORMANCE, INC.'S REPLY IN FURTHER SUPPORT OF ITS MOTION FOR VOLUNTARY DISMISSAL UNDER RULE 41(a)(2)**

Dated:  January 10, 2014

John Maggio (517479)
CONDON & FORSYTH LLP
7 Times Square
New York, New York 10036
Telephone: (212) 894-6700
Facsimile:  (212) 370-4453

- and -

Brian E. Foont (517091)
THE FOONT LAW FIRM, LLC
11909 Reynolds Avenue
Potomac, MD 20854
Telephone: (202) 236-4851
Facsimile:  (202) 318-9195

*Attorneys for Plaintiff*
*AVEOS FLEET PERFORMANCE INC.*

1

**ARGUMENT**

**THE MOTION TO DISMISS SHOULD BE GRANTED AS THE CASE
WAS SETTLED AT MEDIATION**

Aveos's motion to voluntarily dismiss the case should be granted because Vision's opposition fails to assert any argument that the settlement agreement is unenforceable. Additionally, Vision has not asserted any grounds on which to conclude that it would be prejudiced by dismissal.

First, in response to the Court's January 8 Order (DE 70), by agreement, the parties did not exchange mediation statements (*see* email from Daniel Hurteau dated October 7, 2013, and Robert Ganz dated October 17, Exhibit A (portion on settlement discussions redacted)) and Aveos did not state in its confidential statement to Mr. Hurteau who would appear at the mediation with authority to settle the case. Prior to the commencement of the mediation, Aveos's counsel represented that Brian Foont had full authority to settle the case and the mediation proceeded.[1] Vision's counsel represented that Mike Smith had authority to settle the case and has confirmed that position. *See* Letter from Vision's counsel, DE 71.

Although the parties may not have followed the letter of Local Rule 83.11-5, they drafted and executed an agreement at the mediation session resolving all claims in this case. *See* DE 60 (Maggio Affidavit); DE 58-1 (Settlement Agreement). Vision offers no authority for the

---

[1] There has been no allegation that Brian Foont did not have settlement authority and indeed by signing the settlement agreement bound Aveos to the terms therein. At the time of the mediation, Aveos was in liquidation and operating under the direction of a Chief Restructuring Officer appointed by the Quebec Superior Court. The Chief Restructuring Officer's office specifically authorized Mr. Foont to act with full settlement authority and could not attend the mediation as there was a court appearance in Montreal, Canada the same day as the mediation. They were, however, readily available by telephone during the mediation and, while Mr. Foont's authority was not constrained, counsel did communicate and confirm the settlement terms with the Chief Restructuring Officer's office.

proposition that a departure from mediation procedures renders invalid a contract formed during mediation. *See Little v. Greyhound Lines, Inc.*, 04 CIV. 6735 (RCC), 2005 WL 2429437 (S.D.N.Y. Sept. 30, 2005) (enforcing a settlement reached during mediation despite the plaintiff's unsupported claims that the defendant's attorney lacked authority to settle and arrived late to the mediation). Instead, the enforceability of the parties' agreement should be governed solely by New York contract law. *See Red Ball Interior Demolition Corp. v. Palmadessa*, 173 F.3d 481, 484 (2d Cir. 1999) ("Settlement agreements are contracts and must therefore be construed according to general principles of contract law.").

Under New York contract law, a settlement is enforceable against any party who has given actual or apparent authority to the representative who executed it. *Forcelli v. Gelco Corp.*, 109 A.D.3d 244, 972 N.Y.S.2d 570, 573 (2d Dep't 2013) ("A party will be bound by the acts of its agent in settlement negotiations and an agreement will be binding where the agent has either actual or apparent authority." (citation omitted)); *Delyanis v. Dyna-Empire, Inc.*, 465 F. Supp. 2d 170, 173 (E.D.N.Y. 2006) ("Pursuant to New York law, to have a binding settlement agreement, there must be an offer, acceptance, consideration, mutual assent and intent to be bound."). Both Vision and Aveos sent representatives to the mediation with apparent authority to settle (*see* DE 60 (Maggio Affidavit)), and Mr. Foont, in fact, had actual authority, and Mr. Smith, as confirmed by Vision's counsel, also had such authority. *See* Letter from Vision's counsel, DE 71. No party has suggested that Mr. Foont, who executed the agreement on behalf of Aveos, did not have authority to do so[2] and Mr. Smith, a Vision officer, had similar authority, or at a minimum

---

[2] Even if the delegation of authority to Mr. Foont was in any way flawed, Aveos is presently seeking to *enforce*, not renounce the Settlement Agreement, which certainly amounts to ratification. *See Suncoast Capital Corp. v. Global Intellicom, Inc.*, 280 A.D.2d 281, 719

Vision represented that he did.  *See* DE 60; DE 71 (Letter from Mr. Ganz reporting that Vision represented to the mediator that Mr. Smith had full settlement authority).  Both Aveos and the mediator relied on Vision's representation that Mr. Smith had executed a valid settlement agreement.  *See* DE 53 (Status report from Aveos stating that case was settled); DE 51 (Mediator's report stating that case was settled).  Nothing in Vision's opposition contradicts these facts; in fact, Vision's response appears to recognize that the settlement is valid by referring to it.  DE 69 at ¶ 17 ("It is certainly unfortunate that the Settlement Agreement reached on October 21, 2013 has not been able to be effectuated . . . .").

While Vision has made various assertions regarding its insurer and bank objecting to the settlement, the substance of such objections have not been shared with Aveos nor has further information been disclosed about how some modification to the Settlement Agreement might be reached.  Rather Vision simply failed to perform under the Settlement Agreement and no valid basis for that failure exists or has been given.  Indeed, the very first step under the Settlement Agreement was an unconditional payment of $50,000 by October 31, 2013.  Despite the deadline and a courtesy reminder of the payment (*see* email to Mr. Ganz dated October 31, 2013, Exhibit B), Vision's counsel simply advised that Vision's President had just returned to the country and needed to work through the "logistics" regarding payment.  *See* email from Mr. Ganz dated October 31, 2013, Exhibit C.  No payment was ever received and no explanation for nonpayment has been provided.

Vision makes no clear allegation and provides no evidence to show that fulfilling its obligations under the Settlement Agreement would be impossible or that it has even attempted to

---

N.Y.S.2d 652 (1st Dep't 2001) (corporate officers' failure to renounce settlement signed by corporation's counsel amounted to ratification).

fulfill them.  *See Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir. 1990) (declining to invalidate a settlement agreement where one party claimed its obligations would be onerous but "[made] no claim that it took virtually every action within its power to perform its duties under the contract and therefore cannot assert the defense of impossibility.").  Difficulty in completing the contractual obligations in a settlement agreement does not invalidate the agreement.  *See Powell v. Omnicom*, 497 F.3d 124, 128 (2d Cir. 2007) ("When a party makes a deliberate, strategic choice to settle, a court cannot relieve him of that a choice simply because his assessment of the consequences was incorrect.").  Rather than actually allege that the settlement was flawed or impossible to perform, Vision's opposition alleges that Mr. Acor, Vision's president, has failed to communicate with his attorney in a substantive fashion and has not coordinated with his insurance company to conduct inspections of the engines Aveos had agreed to return to Vision upon receiving payment in accordance with the Settlement Agreement.  DE 69 at ¶¶ 9-14.  Mr. Acor's conduct should not excuse Vision from performance or serve as a basis to invalidate the executed Settlement Agreement.

Vision requests another mediation session to modify the Settlement Agreement (on terms proposed at Ganz Affidavit ¶¶ 15-16 [DE 69]); *i.e.*, keep the settlement amount unchanged but revise the deadlines for payment.  Such a delay is unnecessary and unwarranted, as the Settlement Agreement resolved this matter in October 2013 and can be enforced immediately.  It will not prejudice Vision to be subject to its existing contractual obligations.  *See Catanzano v. Wing*, 277 F.3d 99, 109 (2d Cir. 2001) ("Generally, however, a voluntary dismissal without prejudice under Rule 41(a)(2) will be allowed if the defendant will not be prejudiced thereby.").  To void the Settlement Agreement simply because three months after the mediation Vision is unhappy with the terms or concerned about an alleged lien by its bank or unable to have its

insurer inspect speculative damage to the engines, would undermine the entire policy of mediation and be contrary to New York contract law.

## CONCLUSION

Having met its burden under Federal Rule of Civil Procedure 41(a)(2) by providing the Court with evidence of a settlement agreement executed by both parties, Aveos respectfully requests that the Court dismiss this case and retain jurisdiction to enforce the settlement agreement.

Dated: January 10, 2014

Respectfully submitted,

CONDON & FORSYTH  LLP

By _____

John Maggio (517479)
7 Times Square, 18th Floor
New York, New York 10036
(212) 490-9100

- and -

THE FOONT LAW FIRM, LLC
Brian E. Foont (517091)
11909 Reynolds Avenue
Potomac, Maryland  20854
Telephone: (202) 236-4851
Facsimile:  (202) 318-9195

*Attorneys for Plaintiff*
AVEOS FLEET PERFORMANCE INC.

TO:  Robert E. Ganz, Esq.
     GANZ WOLKENBREIT & SIEGFELD LLP
     1 Columbia Cir.
     Albany, New York 12203
     (518) 869-9500
     *Attorneys for Defendant*
     *VISION AIRLINES, INC.*

6

## CERTIFICATE OF SERVICE

**I hereby certify** pursuant to Local Rule 7.1(a), that a true and correct copy of the foregoing was served on January 10, 2014, on all counsel or parties of record on the Service List and by the means as listed below.

_____
John Maggio, Esq.

## SERVICE LIST

Robert E. Ganz, Esq.
GANZ WOLKENBREIT & SIEGFELD LLP
1 Columbia Cir.
Albany, New York 12203
(518) 869-9500
*Attorneys for Defendant*
*VISION AIRLINES, INC.*